O

FILED
CLERK, U.S. DISTRICT COURT

JUL 21 2009

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN LAWTON,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. EDCV 08-1160 AN<br><br>ORDER AFFIRMING FINAL DECISION OF THE COMMISSIONER |

Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed the Joint Stipulation ("JS") and seek a dispositive order regarding the disputed issues set forth in the JS. The Court's decision is based upon the pleadings, the Administrative Record ("AR"), and the JS. The Court now rules as follows with respect to the two disputed issues that Plaintiff raised in the JS.

## Issue #1

Plaintiff contends the Administrative Law Judge ("ALJ") did not give proper reasons for discounting the opinions of Romualdo R. Rodriguez, M.D., a consultative examiner. (JS at 3.) Dr. Rodriguez opined Plaintiff had minimal limitations in her abilities to relate and interact with supervisors, coworkers and the public; maintain concentration, attention, persistence and pace; associate with day-to-day work activity,

including attendance and safety; adapt to the stresses common to a normal work environment; maintain regular attendance in the work place and perform work activities on a consistent basis; and perform work activities without special or additional supervision. (AR 161.) Plaintiff contends the ALJ improperly failed to consider all of these limitations. (JS at 3.)

The present contention fails because the ALJ properly considered Dr. Rodriquez's opinions for the reasons set forth by the Commissioner at pages 4 to 7 of the JS. (JS at 4-7.) The ALJ found Plaintiff had no more than mild limitations in the functional areas of activities of daily living; social functioning; and concentration, persistence or pace. (AR 13.) He also found Plaintiff had experienced no episodes of decompensation. (AR 13.) Consequently, the record establishes the ALJ did not reject Dr. Rodriquez's foregoing opinions as Plaintiff erroneously contends, but that the ALJ actually made findings that are consistent with Dr. Rodriguez's opinions. Further, based on these findings, which are supported by substantial evidence in the record, the ALJ properly found Plaintiff's mental impairments were not severe. (AR 9, 13.) 20 C.F.R. §§ 404.1520a(d)(1); 416.920a(d)(1) (if degree of limitation in three functional areas none or mild, and no episodes of decompensation, then impairment not severe).

### Issue #2

Plaintiff contends the ALJ improperly failed to pose a complete hypothetical question to the vocational expert because the hypothetical did not include all of the limitations expressed by Dr. Rodriguez. (JS at 8.)

The present contention fails for the reason set forth by the Commissioner at page 9 of the JS. (JS at 9.) Specifically, at step 2 of the 5-step sequential analysis, the ALJ found Plaintiff's mental impairments were not severe. (AR at 9, 13.) *See* 20 C.F.R. §§ 404.1520(a)(4) (5-step sequential analysis discussed), 416.920(a)(4) (same). Accordingly, Plaintiff was not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii) (if impairment not severe, then claimant not disabled); 416.920(a)(4)(ii) (same). Vocational issues do not arise until step 4 of the sequential analysis. 20 C.F.R. §§ 404.1520(a)(4)(iv);

416.920(a)(4)(iv). Because the ALJ properly found that Plaintiff's mental impairments were not severe and she was not disabled at step 2, he was not required to engage in a step 4 analysis, therefore, any error arising from a step 4 analysis is harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (holding "[a] decision of the ALJ will not be reversed for errors that are harmless").

## Conclusion

Based upon the foregoing, the Court finds the Commissioner's final decision is free of legal error and supported by substantial evidence in the record. IT IS THEREFORE ORDERED that a judgment be entered affirming the Commissioner's final decision and dismissing this action with prejudice.

DATED: July 21, 2009

/s/ Arthur Nakazato
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE